# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  No. CR 01-1037 BB

JESUS RODOLFO MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Return of Property (Doc. 37). Having reviewed the submissions of the parties, the relevant law, and being fully advised in the premises, the Court concludes that Defendant's motion is meritless and must be denied.

## PROCEDURAL BACKGROUND

On April 27, 2001, the United States charged Defendant Jesus Rodolfo Martinez ("Martinez") by criminal complaint in the District of New Mexico with violating 21 U.S.C. § 841.  On August 9, 2001, a grand jury indicted Martinez on two counts: (i) violation of 21 U.S.C. § 846: Conspiracy; and (ii) violation of 21 U.S.C. § 841: Possession with Intent to Distribute.  On November 30, 2001, a Consent to Transfer of Case for Plea and Sentence (under Rule 20) transferred the case to the Western District of Texas.

On April 4, 2003, Defendant filed his Motion for Return of Property in the United States District Court for the Western District of Texas, seeking the return of a 2000 Ford truck pursuant to rule 41(g) of the Federal Rules of Criminal Procedure.  See Fed. R. Crim. P. 41(g).  On June 27, 2003, the Honorable Edward C. Prado, United States District Judge in the El Paso Division of the Western District of Texas, transferred Martinez' motion to the District of New Mexico, noting that

Martinez had pleaded guilty, was sentenced to 33 months, and had filed his motion denying that he received notice of the forfeiture. Both the United States and Judge Prado assume that the basis of Martinez' Motion is lack of notice; this Court assumes the same.

## FACTUAL BACKGROUND

According to the United States, on or about April 26, 2001, Martinez drove the truck in question containing marijuana into a border patrol checkpoint where the marijuana was discovered and Martinez arrested. Martinez initially stated that he owned the truck but later said that his father owned the truck. A title search revealed that the title was held under the name Isaak Aaron Carpenter.

The Drug Enforcement Administration ("DEA") entered a Declaration of Forfeiture on March 15, 2002 describing the 2000 Ford truck. See Declaration of Forfeiture. The supporting documentation for the Declaration reveals that the DEA attempted to notice the appropriate parties in the following ways:

1. Publication in the Wall Street Journal, see DOJ – Consolidated Asset Tracking System Status Inquiry Information at 2 (Order date 06/26/01, Claim Deadline Date 08/01/01);

2. Mail of written notification to

    a. Jesus Rodolfo Martinez at three locations all sent June 8, 2001; two unsuccessful and one successful;

    b. Jesus Martinez at three locations on June 8, 2001, August 31, 2001, and December 3, 2001; two successful and one unsuccessful;

    c. Luz Elena Martinez on June 8, 2001; notification unsuccessful;

    d. Margarita Sosa Martinez on June 8, 2001; notification successful;

    e. Yolanda Martinez Flores on June 8, 2001; notification successful;

    f.  Ford Motor Credit Corporation on June 8, 2001; notification successful;

    g.  Isaac Carpenter at two locations on June 8, 2001; one successful and one unsuccessful.

See id. at 3. The written notifications all included a notice of the seizure and instructions on how to request remission or mitigation of forfeiture, how to contest the forfeiture, and where to file correspondence. The United States paid in full the remaining lien on the 2000 Ford truck. See Letter from Leah Pomroy, Ford Motor Credit Company (dated August 9, 2000).

  Martinez was present when the United States first seized the truck at the time of his arrest. Further, the United States contends that Martinez must have been aware of the forfeiture of his truck because the United States provided Martinez with the forfeiture documentation during discovery in Martinez' criminal case. See Response at 3.

## DISCUSSION

  The United States Court of Appeals for the Tenth Circuit has provided guidance for the appropriate steps the DEA must take in forfeiture proceedings. In United States v. Rodgers, 108 F.3d 1247 (10th Cir. 1997), the Tenth Circuit noted that the United States must

> publish a notice of seizure and of its intent to forfeit seized property once a week for three consecutive weeks in a newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought. In addition, the government must provide [w]ritten notice of seizure together with information on the applicable procedures to each party who appears to have an interest in the seized article. Finally, the Constitution requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Id. at 1250.

  The United States has met the publication requirement, having published the notice of

forfeiture in the <u>Wall Street Journal</u>, a newspaper of general circulation in the District of New Mexico, from June 26, 2001 to August 1, 2001. The remaining question is whether the written notices sent by the DEA were sufficient under Tenth Circuit law to provide the interested parties with proper notice in this case.

Martinez' motion contends that the truck "was never forfeited by way of proper forfeiture proceeding by agencies involved." Motion at 1. Martinez further asserts that "the vehicle in question is clearly the chattel possession of a member of defendants family; a member who was and remains uncharged in the instant offense." <u>Id.</u> at 3. Martinez' Description of Vehicle, attached to his Motion, reveals that Martinez believes the "Registered owner is Jesus Martinez (father)." Description of Vehicle.

The record reflects that the DEA sent written notice to both Martinez and his father at several locations. It is not clear from the record whether either Martinez or his father had additional location addresses at which he could be reached but to which the DEA did not send written notice. <u>See</u> <u>United States v. Rodgers</u>, 108 F.3d at 1251-52 (holding that the DEA's notice of forfeiture was constitutionally deficient where the DEA attempted to send written notice to two of three residences the defendant maintained; and holding that the DEA should have known about the third residence from the local authorities' seizure records and should have, therefore, sent written notice to the defendant at that third location).

Martinez does not assert that the notice in this case was deficient because he or his father maintained additional residences to which no notice was sent. Further, although Martinez states that he believes no proper forfeiture proceeding took place, he does not point to any specific deficiency on the DEA's part. Martinez has not, therefore, created an issue of fact regarding the forfeiture

proceedings in this case that requires this Court to hold an evidentiary proceeding to determine whether the forfeiture was proper. See 7 Fed. Proc. Forms § 20:559 (2003)("Fed R Crim P Rule 41(g) provides that the court must receive evidence on any factual issue necessary to decide the motion. When a petition alleges facts which, if proved, will require a grant of relief, evidentiary hearings will be set.").

The Court thus finds as a matter of law that the DEA properly followed the appropriate forfeiture notice procedures in publishing the notice and sending written notice to all potentially interested parties so that the notice was "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United States v. Rodgers, 108 F.3d at 1250.

IT IS ORDERED that Defendant's Motion for Return of Property is **denied**.

---
UNITED STATES DISTRICT JUDGE

Counsel:

JESUS RODOLFO MARTINEZ
Anthony, Texas 79821

 *Plaintiff, Pro Se*

DAVID C. IGLESIAS
  United States Attorney
RICHARD C. WILLIAMS
  Assistant U.S. Attorney
Las Cruces, New Mexico

 *Attorneys for the United States*